### T. & P. R'y Co. v. Rosedale St. R'y Co.

#### (No. 3465.)

Appeal from Tarrant County.　Opinion by Willson, J.

Finch & Thompson, counsel for appellant.

Stewart & Dunklin, counsel for appellee.

§ 179. *Liability of railroad company for damage accruing during receivership; expert testimony; case stated.* Appellee sued appellant, as receiver of the Texas & Pacific Railway Company to recover damages for the destruction of a street car. Pending the suit, the receiver was discharged from his trust and the property of the appellant company restored to it. Appellee then made the appellant company party defendant, and on a trial recovered judgment for $560.88. It was alleged and proved that, while the property of appellant company was in the charge of the receiver, several million dollars of its net earnings were invested in betterments and improvements of said property, etc. Such allegation and proof entitled appellee to recover of appellant company upon the cause of action which accrued against the receiver. [Railway Co. v. Johnson, 76 Tex. 421;

Ryan v. Hays, 62 Tex. 42.] It was claimed by appellee that the destruction of its car was caused by the negligence of those operating the railroad engine and train; that said engine and train at the time of the collision were being propelled at a rate of speed greater than was lawful and prudent, etc. Appellee was permitted to adduce evidence in support of this claim. Appellant proposed to prove by several witnesses, railroad men, who witnessed the collision, that said engine and train were running at a slow rate of speed at the time of said collision. This proposed evidence was rejected, upon the ground that it was opinion evidence, and that the witnesses were not shown to be experts. We think the court erred in rejecting their testimony. They were shown to be railroad men, engaged in the operation of railroad trains. One of them was a locomotive engineer, another a locomotive fireman, another a switchman, and the other a foreman of yard engines. *Prima facie* they were experts, and competent to give their opinions as to the speed of engines and trains. [7 Amer. & Eng. Enc. Law, p. 509.] This rejected testimony was material upon the issue of negligence, and its rejection constitutes reversible error.

December 6, 1890.          Reversed and remanded.